UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE #2, | No. 2:24-cv-01844-DJC-AC |
| Plaintiff, | |
| v. | ORDER APPROVING MINOR'S COMPROMISE |
| MARCUS JOHNSON, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's *ex parte* Motion for Administrative Relief to Proceed by Pseudonym.[1]  Plaintiff seeks to proceed under a pseudonym as the case involves allegations of sexual abuse, which raise issues regarding the privacy and the safety of Plaintiff.  For the reasons stated below, the Court GRANTS Plaintiff's Motion for Administrative Relief to Proceed by Pseudonym (ECF No. 3).  However, Defendants may seek reconsideration of the Motion should Defendants object once they have appeared in the case.

////

---

[1] Plaintiff did not file this Motion explicitly as an *ex parte* request.  However, the Motion was filed without being noticed on the calendar or proof of service and before Defendants have appeared in the action.  Accordingly, the Court will view this, at this stage, as an *ex parte* motion.

## LEGAL STANDARD

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). This may be the case where a pseudonym is "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067–68. "Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape." *Doe v. Rose*, No. 15-cv-07503-MWF-JC, 2016 WL 9137645, at *1 (C.D. Cal. June 17, 2016) (collecting cases).

## DISCUSSION

Plaintiff here has brought claims related to sexual abuse allegedly perpetrated by Defendant Marcus Johnson. (*See* Compl. (ECF No. 1) ¶¶ 25–41.) Plaintiff states that proceeding under a pseudonym will help maintain Plaintiff's privacy and ensure that Plaintiff does not face retaliation from publicly filing a lawsuit after initially filing grievances that led to investigations. (*See* Mot. (ECF No. 3) at 2–3.)

In light of the above, the Court finds good cause to GRANT Plaintiff's request at this stage of the proceedings based on the sensitive nature of the allegations and the potential threat of retaliation Plaintiff faces, which outweighs the minimal prejudice Defendants would face because they may obtain Plaintiff's name from the internal grievances and investigations. However, Defendants may seek reconsideration of the issue should Defendants object once they have appeared in this action. *See Doe v.*

*County of San Joaquin*, 2:24-cv-00899-CKD, 2024 WL 1344677, at *1 (E.D. Cal. Mar. 29, 2024).

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Administrative Relief to Proceed by Pseudonym (ECF No. 3), subject to reconsideration once Defendants have appeared in this action.  This matter is referred back to the assigned Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:   **September 5, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – mcnelis.22cv369.minors.compromise

3