UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE #2,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS JOHNSON, et al.,<br><br>Defendants. | No. 2:24-cv-1844 DJC AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding through counsel, seeks relief pursuant to 42 U.S.C. § 1983 and state law and has paid the filing fee.

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), regardless of whether plaintiff is represented by counsel, In re Prison Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as [§ 1915A] does not differentiate between civil actions brought by prisoners."). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

1

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).

II.   Second Amended Complaint

The second amended complaint alleges that the California Institution for Women (CIW), where plaintiff has been incarcerated since 2013, has a long and well-documented history of correctional staff, including correctional cooks, sexually abusing the prisoners with few repercussions. ECF No. 45 at 1-2, 4-6. Against that backdrop, plaintiff asserts eleven causes of action against defendants Johnson, Montes, Gonzalez, Macomber, and Does 1-20 based on Johnson sexually assaulting her in July 2020. Id. at 6-28. Johnson, Montes, and Gonzalez are sued in their individual capacities while Macomber is sued in his official capacity. Id. at 2-3. Doe defendants are identified as staff responsible for conducting staff investigations and individuals in supervisory positions whose conduct allowed staff sexual misconduct to continue unchecked. Id. at 3-4, 21-22.

III.   Discussion

The allegations of the second amended complaint are largely identical to those contained in the first amended complaint, with the primary difference being its expansion upon the official capacity claims against defendant Macomber. Compare ECF No. 20 with ECF No. 45. After conducting the required screening, the court finds that the second amended complaint has stated viable claims for relief against defendants Johnson, Montes, Gonzalez, Macomber, and Does 1-20, and they will be required to respond to the complaint. However, the Doe defendants will not be required to respond until plaintiff has filed a motion for substitution or an amended complaint

substituting named individuals for the Doe defendants.

Additionally, although defendant Johnson has been served (ECF No. 6 at 5), he has yet to appear in this action and is currently in default (ECF No. 28).[1]  "No service is required on a party who is in default for failing to appear" unless a pleading "asserts a new claim for relief against such a party." Fed. R. Civ. P. 5(a)(2). Although the second amended complaint does not assert any new claims for relief against Johnson, in order to avoid any procedural complications,[2] plaintiff will be required to serve Johnson with a copy of the second amended complaint and this order.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The second amended complaint states viable claims against defendants Macomber, Johnson, Montes, Gonzalez, and Doe Defendants 1-20;

2. Within twenty-one days of the filing of this order, defendants Macomber, Montes, and Gonzalez shall respond to the complaint; and

3. Within fourteen days of the filing of this order, plaintiff shall serve a copy of the second amended complaint and this order on defendant Johnson and file a certificate of service. Defendant Johnson shall respond to the complaint within twenty-one days of service.

DATED: October 22, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants Montes, Gonzalez, and Macomber have been served and counsel has appeared on their behalf. ECF Nos. 6, 12.

[2] The filing of an amended complaint voids the default and moots any motions to set aside the default or for default judgment that the parties may have intended to file based on the entry of default entered for failing to respond to the second amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (it is "well-established doctrine that an amended pleading supersedes the original pleading" (citations omitted)); LaComba v. Eagle Home Loans & Inv., LLC, No. 2:23-cv-0370 KJM DB, 2023 WL 5488425, at *1, 2023 U.S. Dist. LEXIS 149085, at *1 (E.D. Cal. Aug. 24, 2023) ("filing of an amended complaint rendered defendant's default on the original complaint void"); Urban Sophistication Ltd. V. Elst, No. 2:22-cv-0093 DJC JDP, 2023 WL 6129458, at *2, 2023 U.S. Dist. LEXIS 165303, at *3-4 (E.D. Cal. Sept. 18, 2023) (filing of amended complaint mooted motion for default judgment).