UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANE DOE,

Plaintiff,

v.

MARCUS JOHNSON, et al.,

Defendants.

No.  2:24-cv-1844 DJC AC P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding through counsel, who seeks relief under 42 U.S.C. § 1983 and state law for alleged sexual abuse at the California Institutional for Women. Defendants have brought a motion to dismiss certain claims of the Third Amended Complaint. ECF No. 50.  Plaintiff opposes the motion, ECF No. 52, and defendants have filed a reply, ECF No. 53.  For the reasons that follow, the undersigned recommends that the motion be granted in part and denied in part.

I.      Background and Procedural History

The original complaint, ECF No. 1, was filed on July 1, 2024.  The complaint was screened and found to state claims for relief against certain defendants.  ECF No. 17.  Not all claims against all defendants were found to be adequate to proceed, however.  Id.  A First Amended Complaint was filed on November 21, 2024.  ECF No. 20.  This complaint was screened (ECF No. 21) and served.  The undersigned subsequently granted a stipulated request to

1

file a Second Amended Complaint, and that pleading was filed on October 17, 2025.  ECF Nos. 43, 45.

The court screened the Second Amended Complaint and found that it stated cognizable claims against defendants Macomber, Johnson, Montes, Gonzalez, and Doe Defendants 1-20. ECF No. 46.  With the exception of the Doe Defendants, who are unidentified ISU officers, all defendants have been served.  Defendant Johnson is in default.  ECF No. 28.[1]  The instant motion to dismiss is brought by defendants Macomber, Montes and Gonzalez.  ECF No. 50.

II.      Allegations of the Second Amended Complaint

Plaintiff alleges that the California Institution for Women (CIW), where she has been incarcerated since 2013, has a long and well-documented history of correctional staff, including correctional cooks, sexually abusing the prisoners with few repercussions.  ECF No. 45 at 2, 4-6.[2] Against that backdrop, plaintiff asserts eleven causes of action against defendants Johnson, Montes, Gonzalez, Macomber, and Does 1-20, based on a sexual assault by Johnson in 2020.  Id. at 6-29.  Johnson, Montes, and Gonzalez[3] are sued in their individual capacities while Macomber is sued in his official capacity.  Id. at 2-3.  The Doe defendants are identified as Investigative Services Unit (ISU) staff responsible for conducting staff investigations.  Id. at 5, 9-11.

In 2020, plaintiff worked in the kitchen where Johnson was her supervisor.  Id. at 6.  At the end of a work shift in or around June 2020, Johnson took plaintiff into the manager's office after she asked him for cleaning towels.  There he pulled her around, pulled down her pants, pushed her down onto a table, and raped her from behind.  Id.  While raping her, Johnson threatened plaintiff by telling her that if she reported him no one would believe her and he would say that she sexually assaulted him, subjecting her to criminal charges.  Id. at 7.  Approximately a week later, plaintiff requested medical treatment for what she believed was a sexually transmitted

---

[1]  Johnson is the alleged direct perpetrator of sexual assault.  Plaintiff brings claims against him for sexual assault and battery, gender violence, false imprisonment, and claims under California's Bane Act and Ralph Act.

[2]  Citations to page numbers of electronically filed documents refer to the pagination imposed by the CM/ECF system rather than to a document's internal pagination.

[3]  Because plaintiff agrees that defendant Gonzalez should be dismissed, ECF No. 52 at 5, the specific allegations against him are omitted here.

2

disease she contracted from Johnson.  Id.  As the result of Johnson's abuse, plaintiff suffered from anxiety and panic attacks, post-traumatic stress disorder and suicidal thoughts.  Id.  Plaintiff did not immediately report the rape because Johnson had threatened her and because plaintiff had witnessed numerous acts of retaliation against inmates for reporting staff misconduct.  Id.  She disclosed the assault to a CIW therapist in October 2020.  Id. at 8.

Sexual abuse by supervising cooks has been a known problem at CIW since 2017, and Gonzalez, Montes, and Doe defendants have failed to take appropriate action against accused staff, perpetuating the culture of abuse.  Id. at 8.  Johnson specifically was well known at CIW for sexually abusing prisoners, and at least four other complaints were made against Johnson in 2020 for sexual abuse.  Id. at 8-9.

Plaintiff further alleges that Gonzalez and Montes knew or should have known she was at risk of being sexually abused by Johnson, and that they violated policy by referring the investigation of Johnson to CIW's Investigative Services Unit (ISU) instead of to the Office of Internal Affairs (OIA).  Id. at 9.  On August 9, 2021, an ISU sergeant advised plaintiff that they had concluded her complaint was unsubstantiated.  Id.  However, ISU staff were not properly trained to investigate allegations of staff sexual abuse and were inherently conflicted due to personal relationships many had with the accused staff members.  Id.  Several years after the allegations against Johnson had been made, the investigation was finally referred to OIA for an independent investigation.  Id.  To date, plaintiff has not been informed as to the outcome of the OIA's investigation.  Id.  Plaintiff has experienced severe anxiety, fear of retaliation, and other severe emotional distress throughout the prolonged investigations.  Id.

As Warden of CIW, Montes was required to be immediately notified about any allegations of sexual misconduct and served on the Institutional PREA Review Committee, where he was required to conduct an incident review, and he was responsible for overseeing matters handled by the ISU.  Id. at 10-11.  Montes' indifference to his responsibilities and failure to ensure compliance with CDCR regulations and policies regarding the investigation into alleged sexual misconduct encouraged the rampant and ongoing sexual abuse of prisoners by CIW staff.  Id. at 11-12.  He further knew or should have known that Johnson was being considered for promotion

3

despite allegations against him for sexual abuse, and the authorization of the promotion condoned and encouraged Johnson's continued abuse of prisoners. Id. at 13.  Montes also failed to implement adequate hiring policies to prevent the hiring of sexual predators and adequate training to prevent, detect, and respond to sexual abuse by staff.  Id.

Plaintiff remains incarcerated at CIW and has named Macomber, Secretary of the CDCR, in his official capacity only for the purpose of obtaining injunctive relief at CIW and within the CDCR.  Id. at 14-15, 26-27.

III.    The Motion to Dismiss

Defendants move to dismiss claims brought against Macomber, Montes and Gonzalez. ECF No. 50.  They contend as to Macomber, the Secretary of CDCR, that (1) the court lacks subject matter jurisdiction over plaintiff's claims for injunctive relief, and (2) plaintiff has failed to allege facts sufficient to support such relief.  As to Montes, the CIW Warden, defendants argue that (1) plaintiff's state law claims are barred by her failure to comply with the claim presentation requirement of the state's Government Claims Act, and (2) that the claims for vicarious liability and intentional infliction of emotional distress fail to allege facts sufficient to state a claim.  ECF No. 50-1.  Because plaintiff concedes that Gonzalez should be dismissed (ECF No. 52 at 5), the arguments raised by the motion as to this defendant need not be addressed.

IV.    Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of

4

action.  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

V.       Discussion

A.   Defendant Macomber and Plaintiff's Standing to Seek Injunctive Relief

Defendants contend first that this court lacks jurisdiction to entertain the sole claim against Secretary Macomber, which is for injunctive relief.  The jurisdictional argument is based on plaintiff's asserted lack of standing to pursue such relief.  ECF No. 50-1 at 11.

A plaintiff seeking injunctive relief must have Article III standing to seek an injunction by showing "a real and immediate threat that the plaintiff will be wronged again" in a similar way. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983); Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1495 (9th Cir. 1996) ("The requirements for the issuance of a permanent injunction are 'the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law.'") (internal citations omitted).  In Lyons, the U.S. Supreme Court held that a plaintiff who had been subjected to and injured by a dangerous police chokehold lacked standing to seek an injunction prohibiting the technique, despite detailed factual allegations regarding the

frequency with which LAPD officers used the chokehold, a departmental policy authorizing its use in non-life-threatening situations, significant harm to those subjected to the technique, and a likelihood of future encounters with police which the Ninth Circuit had found as a matter of common sense to be non-speculative. Lyons, 461 U.S. at 97-98, 111; cf. Lyons v. Los Angeles, 615 F.2d 1243, 1244, 1246-1247 (9th Circ. 1980) (overruled). The Supreme Court held that Lyon's past injury, even in the context of allegedly widespread and ongoing injuries to others, did not satisfy his burden of demonstrating a "real or immediate threat that the plaintiff will be wronged again." Lyons, 461 U.S. at 111.

To the extent that plaintiff here relies on the existence of an ongoing investigation by the U.S. Department of Justice into sexual abuse at California's prisons for women, ECF No. 52 at 8, this does not meet her burden under Lyons. The quoted DOJ press release documents a finding that there is "significant justification" to "evaluate *whether* CDCR protects people incarcerated at Central California Women's Facility and the California Institution for Women from sexual abuse by correctional staff." Id. (quoting press release dated September 4, 2024) (emphasis added). The existence of the investigation demonstrates that there exists a factual basis for questioning whether inmates are adequately protected; it thus supports a conclusion that allegations of widespread abuse, failure to protect inmates, and/or an unacceptable risk of future harm cannot be simply dismissed as unfounded. Plaintiff is therefore correct that DOJ's decision to investigate undercuts any claim that plaintiff's fear of further abuse is entirely speculative. Id. However, a reasonable fear of further abuse is not the same thing as a likelihood of experiencing further abuse. That is what the law requires.

The Second Amended Complaint's detailed and fact-specific allegations of sexual abuse at plaintiff's institution, ECF No. 45 at 4-6, all involve incidents that predate her own abuse by Johnson. Her allegations regarding ongoing sexual harassment and abuse, in contrast, are conclusory. See id. at 17. Plaintiff alleges that she remains incarcerated at CIW and that defendants "have maintained, and continue to maintain, a custom or policy of failing to enforce and comply with the PREA at CIW, thereby causing ongoing risk to JANE DOE #2 of further sexual abuse by CIW staff." Id., ¶ 98. She references ongoing inmate reports of sexual abuse by

staff, id. at ¶ 99, but the TAC provides no specifics regarding any such incidents, the frequency of such reports, or the prevalence of alleged abusers among prison staff.  Plaintiff alleges that "from 2020 to the present, CIW staff have systematically failed to protect CIW prisoners from sexually abusive staff in a variety of positions including peace officers, medical staff, and work supervisors in various jobs including culinary and janitorial positions."  Id.  Again, no specific supporting facts are alleged.  Plaintiff's allegations certainly raise serious concerns about inmate safety, but they fail to provide a factual basis for a conclusion that plaintiff personally faces a likelihood of imminent further sexual abuse.[4]

In opposition to the motion to dismiss, plaintiff argues only that there is an "institutional and systemic culture of rampant sexual misconduct" at CIW, and that "[a]s a female prisoner who remains incarcerated at CIW, Jane Doe #2 is at continued risk of sexual abuse by prison staff."  ECF no. 52 at 9.  Absent factual allegations not present here, this amounts to the same theory rejected by the Supreme Court in Lyons: that plaintiff has standing because he or she suffered a type of harm in the past that others have continued to experience and that plaintiff fears experiencing again.

Because plaintiff has not demonstrated standing under Lyons, the court need not otherwise address the sufficiency of the TAC to support injunctive relief.  The motion to dismiss must be

---

[4]  Plaintiffs can sometimes demonstrate that an injury is likely to recur, and thus establish standing to seek injunctive relief, by demonstrating that the harm at issue is part of a pattern of officially sanctioned behavior which violates their federal rights.  Armstrong v. Davis, 275 F.3d 849, 861 (9th Cir. 2001).  This approach applies largely in the class action context, where named plaintiffs demonstrate that they are likely to experience future harm because they are part of a class that is being collectively subjected to the officially sanctioned and ongoing deprivation of rights.  See, e.g., LaDuke v. Nelson, 762 F.2d 1318,1 323 (9th Cir. 1985) (plaintiff migrant farmworkers had standing to seek injunction against workplace raids targeting such laborers); Armstrong, 275 F.3d at 861 (disabled inmates had standing to seek injunction regarding accommodations which were being systematically denied), cert. denied, 537 U.S. 812 (2002); Melendres v. Arpaio, 695 F.3d 990, 988 (9th Cir. 2012) (Latino immigrants had standing to seek injunction prohibiting race-based traffic stops which were part of an ongoing County effort to assist ICE).  This method of demonstrating standing is not necessarily limited to putative class representatives.  Plaintiff, however, does not contend that the alleged pattern of sexual abuse in the prison is itself officially sanctioned.  Nor, as noted above, does she make sufficient allegations regarding the ongoing prevalence of sexual assault to support an inference that she is likely to experience it again.  Accordingly, this line of cases—which the court has considered *sua sponte*—does not help her.

7

granted as to defendant Macomber.

B. Defendant Montes

1.    Compliance With California Government Claims Act

Defendants move to dismiss all state law claims for failure to comply with the claim presentation requirement of California's Government Claims Act.  ECF No. 50-1 at 15.  This argument encompasses all claims against defendant Montes except plaintiff's Third Cause of Action under 42 U.S.C. § 1983.

"Before a person can sue a [California] public entity or public employee for money damages for actions taken within the scope of the person's employment, he or she must first file a government claim pursuant to the CGCA, codified at California Government Code section 810 et seq." Robinson v. Alameda County, 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (citations omitted).  The claim presentation requirement of the California statute applies to state law claims brought in federal court.  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  "[T]he filing of a [state tort] claim for damages is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendant, in short, an integral part of plaintiff's cause of action." Williams v. Horvath, 16 Cal.3d 834, 842 (1976) (citations and internal quotation marks omitted).  Accordingly, a complaint must "allege facts demonstrating or excusing compliance with the claim presentation requirement" or the state law claims are subject to dismissal.  State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1239 (2004).

Defendant argues that the Second Amended Complaint concedes non-compliance with the CGCA, ECF No. 50-1 at 15, but this is a mischaracterization: the SAC asserts substantial compliance while acknowledging non-payment of the filing fee.  See ECF 45 at 18.  Plaintiff alleges that she submitted a notice of government claim on or around July 2, 2021, without the filing fee, and that she received a response informing her that she was required to pay the filing fee and to specify the date of the assault.  Id. at ¶¶ 106-108.  She alleges financial inability to pay the fee, id., but not that she sought a fee waiver.  She alleges that she could not identify the date of the assault with certainty, id., but does not present the contents of her claim or specify the information which was provided.  The SAC also does not state when plaintiff received a response

to the claim she submitted on July 2, 2021, but her opposition to the motion states that (1) the government did not respond within the required 45-day timeframe, and (2) there was a further substantial delay in plaintiff's receipt of the information that her claim had been deemed incomplete.  ECF No. 51 at 10-11 & n.2.  These facts are not contained in the SAC.

Plaintiff now argues that the state's delayed response to her claim waived reliance on the claim presentation requirement.  Id. at 11 (citing Roger v. County of Riverside, 44 Cal.App.5th 510, 526 (2020)).  She also contends, in the alternative, that she substantially complied with the requirement.  Id. at 12 (citing Connelly v. County of Fresno, 146 Cal.App.4th 29, 39-44 (2006)).  The facts necessary to support either theory, however, are missing from the SAC.  Because the operative complaint fails to demonstrate compliance or a basis to excuse compliance, plaintiff's state law claims must be dismissed.  See Bodde, 32 Cal.4th at 1239.  However, it appears from the opposition that plaintiff may be able to cure this defect by amendment.  It will therefore be recommended that plaintiff be permitted to file a Third Amended Complaint that provides a more robust basis for assessment of the claim presentation issue.

### 2.    Sufficiency of Claim Ten

Plaintiff's tenth cause of action, stated against Montes, alleges negligent hiring, training and supervision and respondeat superior liability, citing California Government Code § 815.2.  ECF No. 45 at 26-27.  Defendants characterize this as plaintiff's "Vicarious Liability Claim" and contend quite correctly that § 815.2 creates potential respondeat superior liability for public entities only and not for individual supervisors such as Montes.[5]  Defendants also rely on Gov't Code § 820.8 to establish that Montes cannot be vicariously liable for Johnson's assaults.  ECF No. 50-1 at 16.  However, this claim has already been narrowed on screening to *exclude* vicarious liability in light of §§ 815.2 and 820.8.  ECF No. 17 at 8.  The court has construed the claim as one for negligent hiring, training and supervision of subordinates.  See ECF No. 17 at 8-9 (citing C.A. v. William S. Hart Union High School Dist., 53 Cal. 4th 861, 875-77 (2012)).  Accordingly,

---

[5] "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a).

9

the erroneous citation to § 815.2 in the SAC is now surplusage without legal effect and defendants' argument for dismissal fails.

Contrary to defendants' argument in their reply brief, the construction of Claim Ten as sounding in negligence does not make it redundant of Claim Nine, which alleges negligence against Montes and others on the basis of distinct acts and omissions.  Claim Ten states a unique and cognizable claim against Montes only, based on his performance of his hiring, training and supervision duties as warden.  The motion to dismiss should be denied as to this claim.

### 3.    Sufficiency of Claim Eleven

Plaintiff's eleventh cause of action, for intentional infliction of emotional distress, is stated against Montez, Gonzalez, Johnson and the Doe defendants.  ECF No. 45 at 27-28.  Here the court considers only the sufficiency of the factual allegations as to Montes.

"The elements of the tort of intentional infliction of emotional distress are: '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'"  Christensen v. Superior Court, 54 Cal. 3d 868, 902 (1991) (quoting Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (1982)).  Behavior may be considered "outrageous" where a defendant (1) abuses a position that gives power to damage the plaintiff's interest; (2) knows the plaintiff is especially vulnerable to emotional distress; or (3) acts intentionally or unreasonably with the knowledge that the acts are likely to cause mental distress. Clark v. County of Tulare, 755 F.Supp.2d 1075, 1091 (E.D. Cal. 2010) (citing Molko v. Holy Spirit Assn., 46 Cal.3d 1092 (1998)).

The allegations against Montes—that he was on notice of the widespread sexual abuse of inmates and of the danger posed by Johnson in particular, and that he turned a blind eye to the safety of the women for whom he was responsible, including kitchen workers such as plaintiff who were at heightened risk because of their exposure to Johnson—adequately support outrageous conduct and reckless disregard for the probability of causing emotional distress.  The allegation that Johnson was promoted despite sexual abuse allegations having been made against

10

him, something that Montes would have known about given his official responsibilities, is particularly outrageous.  Plaintiff's emotional distress as the result of the ensuing events is sufficiently pled, and the complaint liberally construed supports an inference of causation.  The undersigned therefore affirms her finding on screening that plaintiff has stated a claim against Montes for intentional infliction of emotional distress.

C. Leave to Amend

Under the Federal Rules, leave to amend should be liberally granted "when justice so requires."  Rule 15(a)(2), Fed. R. Civ. P.  Reasons to deny amendment include futility and undue delay.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992); Entangled Media, LLC v. Dropbox, Inc., 348 F.R.D. 649, 655 (N.D. Cal. 2025).  The court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended their complaint.  Ecological Rights Foundation. v. Pacific Gas & Elec. Co., 713 F.3d 502, 520 (9th Cir. 2013).

For the reasons explained above, plaintiff's standing to pursue injunctive relief cannot be cured by another round of amendment.  Plaintiff has proffered no additional facts which could satisfy the Lyons standard.  Amendment of the claim against defendant Macomber would therefore be futile.

Plaintiff may, however, be able to allege additional facts regarding the claim presentation requirement of the CGCA.  Such amendment, if successful, would permit her state law claims against Montes to proceed.  Accordingly, the undersigned recommends that leave to amend be granted, limited to the issue of compliance with California's Government Claims Act.

CONCLUSION

For the reasons set forth above, it is HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 50) be GRANTED IN PART AND DENIED IN PART as follows:

1.  GRANTED without leave to amend as to defendants Macomber and Gonzalez, both of whom should be dismissed;

2.  GRANTED as to plaintiff's First Cause of Action (against Macomber for injunctive

11

relief), which should be dismissed without leave to amend;

3. GRANTED as to the state law claims against defendant Montes on grounds that compliance with the California Government Claims Act is inadequately pled, with leave to amend on this issue only; and

4. DENIED as to the sufficiency of the tenth and eleventh causes of action against defendant Montes.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within **five** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  **Due to exigencies of the court's calendar, extensions of time for objections will be disfavored**.  The parties are reminded that objections need only identify the portion of the Findings and Recommendations to which objection is made; extensive briefing is unnecessary.

DATED: August 13, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE