UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE #2,<br>Plaintiff,<br>v.<br>MARCUS JOHNSON, et al.,<br>Defendants. | No. 2:24-cv-1844 DJC AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding through counsel, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 14, 2026, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 54. Plaintiff filed a request for reconsideration of, or objections to, the findings and recommendations and a request for judicial notice. ECF Nos. 55, 56. Defendants filed oppositions to Plaintiff's objections and requests. ECF Nos. 59, 60.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be

supported by the record and by proper analysis, with the exception that the Court concludes that leave to amend should be granted as to Plaintiff's First Cause of Action.

In Plaintiff's Objections and Request for Judicial Notice, Plaintiff includes a report by the United States Department of Justice, Civil Rights Division, titled Investigation of Central California Women's Facility and California Institution for Women. This Report was not available to Plaintiff at the time she filed her complaint, nor to the Magistrate Judge at the time she issued her Findings and Recommendations. Critically, that Report concluded that: "CDCR, at the Departmental level and at the prison level, has repeatedly sustained allegations (that is, the State, itself, found abuse occurred) of staff sexual abuse of prisoners at CCWF and CIW. Despite notice of the substantial risk of harm to prisoners posed by staff, CDCR, CCWF, and CIW failed to take adequate measures to deter, detect, and hold accountable those who would commit such offenses. As a result, prisoners are egregiously and flagrantly subjected to grievous harm through denial of their right to be protected from cruel and unusual punishment inflicted by sexual violence and their right to bodily privacy. These failures by CDCR, CCWF, and CIW can only reasonably be described as a pattern or practice of deliberate indifference, in violation of the Constitution." (ECF No. 56-1 at p. 1.) While the conclusions of this Report, if properly incorporated by reference into an amended complaint, may ultimately be insufficient to assert standing for injunctive relief, the Court concludes that the Plaintiff should be given an opportunity to amend her Complaint to make this argument.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 54) are adopted in part;

2. Defendant's motion to dismiss (ECF No. 50) is GRANTED IN PART AND DENIED IN PART as follows:

   a. GRANTED without leave to amend as to defendant Gonzalez, who is DISMISSED from this action;

   b. GRANTED as to Plaintiff's First Cause of Action (against defendant

Macomber for injunctive relief), which is DISMISSED with leave to amend;

c. GRANTED as to the state law claims against defendant Montes on grounds that compliance with the California Government Claims Act is inadequately pled, with leave to amend on this issue only; and

d. DENIED as to the sufficiency of the Tenth and Eleventh causes of action against defendant Montes.

3. This matter is referred back to the assigned Magistrate Judge.

IT IS SO ORDERED.

Dated: **September 25, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

doe21844.805.JO